## SCHOENFIELD & HUNTER DRILLING CO. et al. v. HARL.

No. 21597. Opinion Filed Nov. 11, 1930.

Rehearing Denied Dec. 16, 1930.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Emerson & Duncan, for respondent.

CLARK, J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission in favor of respondent, made and entered on the 11th day of July, 1930, wherein the Industrial Commission found that on the 10th day of March, 1930, claimant (respondent herein) Jack Harl was in the employment of Schoenfield & Hunter Drilling Company and was engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment; that by reason of said accidental injury aforementioned the claimant has been unable to perform his ordinary manual labors from the date of the injury up to the present time, and is now temporarily totally disabled from performing his ordinary manual labors, and ordered compensation at the rate of $18 per week until otherwise ordered by the Commission.

One proposition is presented in petitioners' brief, which is as follows:

"There is no competent evidence to sup-

port the conclusion of the Commission that claimant is totally disabled due to his injury."

This was a question of fact and was passed on by the Commission, which found against the contention of petitioners. The testimony of respondent was that he was discharged June 25, 1930, that he went back to work and tried to work one day, but he wasn't able to work, so he went home and was in bed for about a week, and that he was unable to work any since that time; that he could not enjoy an ordinary night's rest; that he had pains in his back and side and was unable to perform manual labor; that he had tried to get work and could not get anybody to hire him; that several men told him that they would give him work when he got all right.

Dr. Gregory, duly qualified expert witness, testified, and a fair summary of his testimony is as follows: That respondent's thinking was cloudy and slow; his acting was emotional and he was very seriously depressed, crying a great deal in the office. Describing his mental condition, he says:

"At the present time I feel that he is totally disabled through the mental state of his illness."

There is testimony in the record to the contrary. This court will not review the evidence before the Industrial Commission to determine the weight and value thereof, and where there is any evidence reasonably tending to support the judgment and finding of the Industrial Commission, the same will not be disturbed on review. Judgment and award of the Industrial Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT and RILEY, JJ., absent.